CLARK, Senior Circuit Judge,
dissenting:
I respectfully dissent. The majority opinion has changed Georgia law governing the release of insanity acquittees by requiring acquittees to show that their condition has changed. Nagel met his burden of proof, but the majority’s application of the law has left him with an irrebuttable presumption. I agree with the dissent from the Georgia Supreme Court’s opinion which noted that this release application creates much anxiety and apprehension, but this court, like the Georgia Supreme Court, is required to apply the law. Perhaps Nagel should not be released into society, but in upholding the application of the law to the facts of this case, it is impossible to affirm the denial of his habeas corpus petition.
I see no relevance of what the experts thought of petitioner’s sanity at the time of his trial to his application for release. The Georgia statute states that an insanity ac-quittee can be released only if he does not meet the criteria for civil commitment.[1] The criteria for civil commitment states that a person must be mentally ill, in need of inpatient treatment, and either present a “substantial risk of imminent harm to that person or others, as manifested by either recent overt acts or recent expressed threats of violence which present a probability of physical injury to that person or other persons,” or is so unable to care for their own physical health and safety such that an imminent life-endangering crisis exists.[2] These are the only factors to be considered in deciding an acquittee’s application for release. Any suppositions that experts make about the accuracy of a jury’s verdict or the applicant’s mental condition ten years earlier are simply not relevant. Requiring an acquittee to show that his condition has changed imposes a new condition that is not found in the statute.
It is noteworthy that the superior court found that the experts’ testimony was uncon-tradicted and weighty. The state trial court certainly could have questioned the credibility of the experts based on their idea that Nagel was never insane and rejected their testimony; trial courts are free to reject the credibility of a witness, and in such circumstances, this court gives deference to such findings.[3] Both the Georgia Supreme Court and the district court noted that the superior court could have given no weight to the experts’ testimony, but that is not what actually happened. The state trial court did not *585 discredit the experts’ testimony. Therefore, the experts’ testimony must be weighed against the presumption of continuing insanity-
The superior court weighed the experts’ testimony against several factors: petitioner’s pre-offense history of violence, the offense behavior, and the possibility of decom-pensation without a structured environment. Georgia law does not provide for the consideration of these factors; it calls for an examination of the acquittee’s present mental status and possible dangerousness. Two of these factors, moreover, present serious problems in that they constitute an irrebutta-ble presumption, as Nagel’s pre-offense history of violence and the offense conduct are immutable. This court has stated that due process would not be consistent with a presumption that cannot be rebutted by any amount of uncontradicted evidence.[4] If no amount of evidence that an insanity acquittee offered at a release hearing could rebut the presumption of insanity, “the processes of proof in the due process hearing would be an empty ritual.”[5] The evidence presented at the hearing included the record and the testimony of two doctors who knew him personally; no other evidence was presented. If we say that the experts’ testimony did not overcome the presumption of insanity, I do not see what evidence would overcome the presumption.
The Supreme Court case Foucha v. Louisiana [6] is directly applicable here. In Foucha, the Court stated that it is unconstitutional to confine a person who has a personality disorder but no mental illness, regardless of whether the person presents a danger to society.[7] Like the acquittee in Foucha, Nagel presented evidence that he did not currently suffer from a mental illness, and any assessment of his dangerousness alone does not provide a constitutional basis for confinement.
In its attempt to distinguish Foucha, the state tries to claim it presented evidence of Nagel’s continuing mental illness. The state relies on information taken from medical reports made before petitioner committed his crimes. There is no evidence in the state trial court’s order that the court relied on these diagnoses or found that petitioner had a continuing mental illness. One doctor testifying at Nagel’s release hearing diagnosed him with a personality disorder, and both doctors testified that he exhibited no symptoms of a present mental illness. The experts testified that Nagel was not mentally ill nor in need of inpatient treatment. On that basis, Nagel’s condition failed to meet the criteria for civil commitment. For these reasons, the majority is in error in affirming the district court.

. O.C.G.A. § 17-7-131(1).

. Id. § 37-3-1(9.1).

. See Benham, 785 F.2d at 1490-91.

. Id. at 1491.

. Id.

. 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992).

. Id.